IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN R. PURNELL, | § | |
| | § | No. 369, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0904003193 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 14, 2016
Decided: December 14, 2016

## ORDER

This 14th day of December 2016, it appears to the Court that:

(1)     The appellant, John R. Purnell, filed a *pro se* notice of appeal from a Superior Court order sentencing him on a violation of probation. Purnell's appeal papers indicated that he was incarcerated at the Howard R. Young Correctional Institution ("HRYCI").

(2)     On August 1, 2016, a letter from the Clerk to Purnell was returned as undeliverable. Upon inquiry, the Department of Correction ("DOC") advised the Clerk that Purnell had been released from HRYCI. The DOC provided the Clerk with a forwarding address for Purnell.

(3)     On August 26, 2016, the Clerk issued a brief schedule to the parties. The brief schedule was sent to Purnell at the forwarding address provided by the

DOC. When the opening brief was not filed by the due date, the Clerk sent a brief delinquency letter to Purnell. Neither the brief schedule nor the brief delinquency letter was returned as undeliverable. Purnell did not file the opening brief.

(4) On October 7, 2016, the Clerk issued a notice to show cause, by certified mail, directing Purnell to show cause why the appeal should not be dismissed for failure to file the opening brief. The Clerk sent Purnell a copy of the notice by regular mail on October 25, 2016. Purnell did not file a response to the show cause notice sent by regular mail and did not file the opening brief. On November 14, 2016, the notice sent by certified mail on October 7 was returned marked "unclaimed."

(5) Under Supreme Court Rule 12(c), "[a]s a condition for a party appearing pro se, the party must designate a mailing address . . . for the receipt of all notices." In this case, the mailing address provided by Purnell is no longer valid, and Purnell has not provided the Clerk with a change of address. Under these circumstances, the dismissal of Purnell's appeal is deemed to be unopposed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

2